## QUACHITA RIVER LUMBER CO., Inc., v. CHAPMAN.

### No. 6152.

Court of Appeal of Louisiana. Second Circuit.

May 3, 1940.

B. I. Berry, of Winnsboro, for appellant.

Warren Hunt, of Rayville, for appellee.

TALIAFERRO, Judge.

The ownership of a mule named "Nig" is the subject of this suit. Each litigant claims to own the animal. Plaintiff forced the issue and had the mule sequestered. Its demand was rejected and this appeal followed.

It appears that defendant purchased a work mule named "Tobe" from J. W. Johns for One Hundred Fifty ($150) Dollars, on which he was due a balance of Seventy-Five ($75) Dollars in February, 1938. Defendant at this time owned another mule and was using the two to load logs for plaintiff. Johns was pressing defendant for payment of the balance due him and defendant sought help from plaintiff, his employer. Johns and defendant met at plaintiff's commissary on February 16th and the matter was then discussed with Mr. Porter Burgess, plaintiff's president. It had been previously discussed between Mr. Burgess and defendant. On that date plaintiff, through Mr. Burgess, issued and delivered to Johns a check in his favor for Seventy-Five ($75) Dollars, on which was written "purchase one mule named Tobe."

There is no doubt that Mr. Burgess made this payment only because he believed his company would thereby, in view of the contemporaneous discussions, acquire clear title to the mule. Whether this happened is another question. The issue of ownership in the present case turns upon a determination of this question.

It is clear from Mr. Burgess' testimony that he thought that as Johns had not been paid the price of the mule, he could give plaintiff a good title thereto on being paid the balance due him. Burgess specifically states, in answer to a question, that "I bought Tobe from Mr. J. W. Johns on February 16, 1938." He admits that he did not purchase the mule from defendant but says, as is true, defendant was present when the discussion with Johns took place on February 16th and the check for Seventy-Five ($75) Dollars was handed to him.

There is no question whatever that defendant was the owner of the mule, Tobe, on February 16th, although he had not fully paid for him.

Burgess adds that he made it clear to Johns and defendant that he would have nothing to do with the mule unless he would acquire title thereon on paying Johns the balance due him. The mule then was in defendant's possession and remained so until exchange for Nig.

Johns and defendant positively deny that by the payment of the Seventy-Five ($75) Dollars title to the mule passed or was intended to pass to plaintiff. They point to the fact that the mule was worth One Hundred Fifty ($150) Dollars and that certainly it would not have been sold for one-half of that amount. They testified that the understanding was that the Seventy-Five ($75) Dollars was loaned or advanced on account to defendant and that he was to load logs for plaintiff to repay it, whereas Burgess says that it was the understanding that defendant would become the owner of the mule when the Seventy-Five ($75) Dollars was repaid to his company. No rent for the use of the mule was charged. To support the sincerity of Burgess' contention the Seventy-Five ($75) Dollar payment was not charged to defendant's account. The mule was carried as an asset of the company.

Mr. Jim Merriwether owned the mule named Nig. Defendant desired to acquire this mule and offered Tobe in exchange. Merriwether was willing to the trade and having heard that plaintiff had some sort of "hold" against Tobe, mentioned this fact to defendant. Defendant then told him that he, personally, owned Tobe. Merriwether then interviewed Mr. Burgess and was told that his company was the mule's owner, but agreed to the exchange if his "men loading logs were satisfied" of the animal's satisfactory qualities as a loading mule. Merriwether's primary desire was to acquire clear title to the mule and having Burgess' and defendant's consent to the exchange, the trade was consummated. Tobe was delivered to Merriwether and Nig to defendant, who held possession of him until seized.

From the foregoing resume of the testimony, it is fairly clear that defendant did not sell the mule, Tobe, to plaintiff for the Seventy-Five ($75) Dollars paid Johns. One of the essential elements to the confection of a sale of this character is absent, to-wit: consent.

The lower court's judgment is clearly supported by the testimony pertinent to the factual question involved. The judgment appealed from is affirmed with costs.